and we begin with United States v. Wheeler. Mr. Wright. Thank you, Your Honor, and good morning. Counsel in the absence of the Court, my name is Matthew Wright. I'm here on behalf of Vernon Wheeler and I'm about to say some words that I don't get to say very often from this podium and I don't think I've ever said when I had the District Court got it right in this case. Of course, I'm speaking about the District Court's decision in May of 2017, where the District Court held that Texas robbery was not categorically a violent felony under the Armed Career Criminal Act. That was the way that the government positioned the case for the District Court. That was the argument the government preserved for appeal. And in fact, this Court affirmed that judgment on on August 1st of 2018. Now, obviously, some time has passed since then, a pandemic or two, and a lot of months and years. What happened in the interim? What happened in the interim is an intervening decision of this Court that was incorrect, as it turned out. That intervening decision is United States v. Burris, which was based on Bach decision, United States v. Reyes-Contreras, that was wrong in part. And I think up to that point, we're in agreement today. All of that, in terms of the history, is what goes on. What happened is that because of Reyes-Contreras and Burris, 2019 Burris, this Court then on rehearing vacated the non-ACCA sentence, remanded to the District Court for resentencing. I'm sorry, I said because of before the resentencing hearing, Burris came out, and at that point, the District Court's hands are tied. And its hands were tied on the very argument that the government preserved for appeal, and that the District Court had ruled on. Do you have the remand portion of that opinion in front of you, where it says remand for full resentencing? I don't have that in front of me. The opinion does say that, Your Honor. The judgment says for proceedings not inconsistent with this opinion. And so, I would submit that that opinion... Doesn't the opinion say remand for full resentencing? It does, Your Honor. It's for full resentencing. No limitation whatsoever. Full resentencing. That is what the opinion says. Wouldn't that be, I know you disagree, but that's the law of the case. Your Honor, they're both the law of the case, I would say. Remand for full resentencing, and for proceedings not inconsistent with this opinion. Well, not inconsistent... Not inconsistent is full resentencing. And, Your Honor... The judgment is written by the clerk's office. We wrote the opinion, and what's not inconsistent is Judge Lynn having a full resentencing, which is what she did. And, Your Honor, I would contend that Judge Lynn decided this case on the basis of Burris, not on the basis of the divisibility argument that was waived before. And here's why I think that. Number one, because that's what we were fighting about when we came back on remand. Number two, because the government never argued that it had the opportunity to be freed from its previous concession in the Court of Appeals. In fact, the government repeatedly, whenever it brought up the Lerma decision, which was a divisibility-based decision, whenever it brought that up in the district court, it said, but the Court of Appeals ruled that we waived that along the way. So we joined issue on Burris the second time. I do not believe that the district court based its decision on Lerma on the waived divisibility ground, but there's good news, if there's any doubt about that. The concern is maybe the court felt bound by Lerma, notwithstanding the government's decision. The government didn't waive on the remand. Well, the government certainly did not ask to be relieved of the effect of its earlier waiver. It doesn't need to ask that when we sit back for a full resentencing. So that wipes out what's been done before, and it's a do-over. And Judge Lynn understood that. I'm not sure that the court did, and here's why. The judge said, I would not impose the 15-year sentence if I had the discretion. Right, but that's a determination. I mean, we're well aware of that. The question is whether that applies. That is separate from the notion of whether she has a full resentencing or she can only decide X or Y. She had no reason to think she was limited to X or Y. She had to decide, does the minimum sentence apply or not? And when it did, then she was sentenced. That's what she sentenced, your client. Right, but I think that was on the basis of Burris and not Lerma. And Lynn put it this way. Okay, but why does that matter? If the full resentencing was back to her, and she went for X rather than Y, but X and Y were both before her, then we have to decide, was either one, you know, are they both wrong? Because if the ACC applies under Y, she didn't have to apply it. It still applies, right? Or what am I missing from your argument? I think what you're missing is that Judge Lynn had the authority to hold the government to its waiver if she had wanted to. I understand what you're saying, Judge Haynes. If this court did not send it back subject to the waiver, certainly the judge could have, in her discretion, held them to the effect of an affirmative waiver in the previous proceedings. Now the reason that didn't come up is because that argument didn't matter. But a full resentencing is a start over, so they have to waive again. It's a start over. I'm not sure that I understood that at the time. I'm not sure that Judge Lynn understood that at the time. I would like the opportunity, if the government is allowed to start with a blank slate, that we would also be allowed to start with a blank slate. In other words— Well, I mean, you've still got a convicted client, so that's not starting over. It's a resentencing, not a retrial or a re-wee or a re-anything like that. I'm sorry, Judge Haynes. It's my understanding that an appellant cannot escape the effect of an affirmative and strategic waiver by prevailing on an alternative ground in front of this court, if I'm wrong about that. We'd like the chance to raise grounds that we haven't raised yet. And I feel like I know what would happen if we tried that, if we came back on a remand on one issue and we had affirmatively said, don't decide issue Y in your case. I think the court, either this court or Judge Lynn, had the power to hold the government to the waiver. And I believe that Judge Lynn would have on these facts. If that is not the case, then we would ask for the opportunity to challenge the ACCA sentence on grounds that we did not raise in the first proceeding. Like what? What do you think—I mean, I thought the question is, does the ACCA apply? If it doesn't, we already know—I don't even know that we would need to remand. We could just say we know what Judge Lynn would grant, and we would just do that. She made that very clear. Or we could remand. But if the ACCA applies, then we affirm. So what is it that you think is here other than that? Judge Haynes, I don't want to be cagey, but I also don't want to be unfair to my opponent. If I—I would prefer to raise alternative grounds by written motion, maybe supplemental brief. I don't think it's fair to ask him to respond, but I will tell you, we would argue the separate occasions issue in light of Wooden, in light of recent authority that's there. I did not raise that because Wooden came in after our briefs, and because there's been a lot of recent developments on that issue. That would be, if it were an open—essentially a full re-sentencing. Now, I didn't raise that here because I operated—and forgive me if I was mistaken—on the understanding that whatever happened below was subject to the opinion of the court. The court said the government had waived the issue, so it was off the table. And again, the government repeatedly said, the Fifth Circuit said we waived the issue. They didn't say, we're here on a full re-sentencing, and so then we would have had the same fight about LRMA that we had in front of this court in the August 2018 opinion, right, which is that LRMA is wrong. I think there are three reasons why this court should not affirm the ACCA sentence on these alternative grounds, whether they were alternative to what the district court relied on, or even if the court believes that the court relied on that in addition to Burris. And I would say there's no reason to do it in addition to Burris, because Burris sort of swallowed LRMA and divisibility. First, as I've said, they repeatedly and affirmatively waived any argument based on the supposed divisibility of robbery. Second, because the district court said if it could, it would enforce the waiver in this case. Now, the court did not have occasion to decide that question, because again, that didn't matter. It was effectively irrelevant, because LRMA was swallowed by Burris 2019. And finally, Your Honor, the government is wrong on the merits, because fear of robbery is not a threatened use of physical force in light of the Supreme Court's recent guidance in Justin Eugene Taylor, which we raised in a 28-J. And second, Your Honor, I would contend that fear robbery and injury robbery are not divisible. But C, United States v. Garrett and United States v. Devoris-Jackson, cases cited by the government, or the government cited Devoris-Jackson, Devoris-Jackson is based on Garrett. We would still submit those decisions are wrong, but certainly it's much more difficult for me to overcome those decisions, because they're directly on point with certain authority. I would have to convince you that they were inconsistent with prior binding decisions, and our office did attempt a rehearing on bond position on that, and we lost. So I recognize it's an uphill battle on that, but I think that's a path that's still open to the court. That's all if we're getting into the issue that the government affirmatively and strategically waived the first time. And so if, Judge Haynes, I have not convinced you that the district court did not base its grounds, then I would ask that the court simply remand it to the judge and say, did you decide the case on the basis of an argument that was waived, or did you decide it on the basis of Burris, which essentially makes the waived issue irrelevant. The reason I think the court should do that is because the entire principle of affirming- Isn't that assuming that even on the full resentencing, it's still waived, even though we withdrew the opinion that found it waived and did not say that again in the new opinion? I'm going to disagree with you about that, Judge Haynes, because the second opinion still said it was waived. The non-plainness of Lerma. There's questions about Lerma's continuing vitality in light of the Envac Herald opinion in 2019. Those were important because the court, Wheeler 2, February of 2019, mentions the waiver. And again, below, every time the government brought up this issue, it conceded that this court had determined it had waived. So even the government didn't present it as though this was an open ground for decision, nor would the district court need to decide the sort of- It's very hypothetical at that point, right? It's sort of anticipating the changes in the law that have happened between now and then. If, again, if the concern is we want to make it clear that everything is on the table, I'm happy to have that. The court, if it would vacate the sentence and make it clear to both of us, without regard for what has come before, let's get this right on the merits. Let's get it right under the law. I'm happy to do that. I know, because I typically represent appellants, that that is not the way that this court typically handles its business. It is not everything is open each time. It's when a party makes strategic decisions early in a case, it's bound by those decisions throughout the rest of the litigation, absent some sort of circumstance that would allow the party to excuse itself from its prior decisions. What this court would be doing is essentially holding the district court was bound by grounds that were affirmatively waived by the party that had previously reversed their judgment. Doesn't a change in intervening law come into play, though? Your Honor, it certainly does if we were talking about the mandate rule. I'm talking about a change in the mandate rule. The reason that this court reversed itself on and reversed the district court on, those are gone. Those are off the table. It's been overruled. So, absent, like I say, a temporary mistake in Fifth Circuit precedent, we are still living with the August 1st opinion and we're not here today. In a sense, the government shouldn't be able to improve its position by happenstance. That's what it comes down to. I don't think that Judge Lynn understood herself as bound by the argument that was waived. Saying a change in intervening law is happenstance? The happenstance is that there was an incorrect change in law that is subsequently. There were other cases that were rendered during that period as well, Your Honor. There were other decisions. I don't think that there was anything that goes to this question. Lerma, between Lerma and Garrett, there's nothing on divisibility other than Burris, which says it's an open question. So, you know, this ground, the divisibility based grounds, I don't think it was properly before the court and I think the court had the authority to hold the government to its concession and if not, I would ask them both to be given the same chance. Thank you, Your Honors. You've saved time for rebuttal, Mr. Wright. Thank you. Mr. McKay? May it please the Court, Brian McKay on behalf of the United States. On the merits of the primary issue, is Mr. Wheeler's, are Mr. Wheeler's prior convictions for aggravated robbery by threat with a deadly weapon, is that an act of qualifier? That's been settled. It was settled in Lerma and then again after the Supreme Court's decision and... Well, I just want to say, you know, your opponent said that we again concluded it was waived and we did not. I pulled up that opinion because that was my memory of it. We said, we had said before that it was waived. We didn't say that again in the subsequent opinion. Is that a memory? Absolutely, Your Honor, and I would quote from Mr. Wright's brief, page 19, vacated opinions have no precedential value. Now, he was speaking about that in the context of Burris and Gomez-Gomez, but it's just as true for the vacated opinion in Wheeler 1. It had no value. The court had reset and so when it went back to Judge Lynn, it went back clearly for full re-sentencing. Judge Lynn understood that and I've pointed to page 241 in the record where the PSR addendum cited numerous authorities that had shown that his offenses were act of qualifiers, among them Lerma, and so there was not... The district court did not operate under any misperception of this court's mandate. I'm sure if the court had done so that he would have raised that in an appeal saying that the district court didn't have the authority under the prior mandate to rely on Lerma. It absolutely did. It was correct in doing so and Lerma now reaffirmed in Devoris-Jackson. How do you respond to this lengthy argument about the notion that a full re-sentencing can't really start over? It has to kind of start somewhere on the road, I guess. I'm not totally understanding the argument, but I need your response to it. Your Honor, there is not a case that comes to mind, but I know there have been instances after Johnson in 2015. In fact, one case in my brief, I think it's Guzman, was a case my recollection of that case is that prior to Johnson, this court held that the defendant's prior conviction, aggravated assault with a deadly weapon by threat, was an act of qualifier. On a petition for a re-hearing said, wait a second, wait a second, under Johnson, it's actually not. The court considered that. Now, it considered it under a heightened plain error standard, but the defendant got that opportunity to say, wait a second, intervening law, and there the court said, no, no, no, no, it's not clear or obvious that if someone threatens someone with a deadly weapon, knowingly, intentionally threatens them with imminent bodily injury using a deadly weapon, it's not clear or obvious that that would not be an act of qualifier. I think that that illustrates two things. It's in the brief for due process, and I think certainly this occurred three or four months before Mr. Wheeler's offense, so at that point, I think it would be very hard for a defendant to say, wait a second, I thought I had a constitutional guarantee that if I intentionally, knowingly threatened someone with a deadly weapon, that I would not be act of qualifier. Well, Guzman certainly sets that to rest among many other things, which I know, you know, I'm happy to answer the court's questions with a due process claim, but with respect to the waiver, it also illustrates that ... I do have a question on this that I didn't see answered in any of the briefing, which is I understand the concept that if Ms. X is driving down the road at 50 miles an hour in a 45 mile zone, she knows she might get a fine. She doesn't expect life imprisonment, and so if suddenly things had been reversed and changed to where you can get life imprisonment for that, that's a problem. That's a due process problem, but if you know that robbing a bank could get you 10 years, does that mean that, oh, what if it was 15, I never would have robbed that bank, but 10, well, you know, what the heck? I just guess I'm wondering at what point, and there's also the Texas statutes that also provide very high years for the same conduct, so I guess I'm wondering where does this due process come in when we're talking about not a vast difference, like a fine for speeding versus life imprisonment, but something that's maybe a few years different or maybe slightly different or whatever. Does that matter in the analysis? It does matter. What comes to mind is the court's language in Devoris-Jackson from earlier this year in which one of the buoy factors that the court pointed out is whether a prior opinion is unexpected and indefensible, whether it takes something that was not criminal and makes it criminal, and here in Devoris-Jackson, the court pointed out, look, this is, illegally possessing a firearm is always criminal, and so there's that. Judge Haynes, to your question, I think that what's clear from the Supreme Court's decisions from Marks and certainly Rogers, that's the R-O-D-G-R-S, Rogers, and this court's decision in Rodriguez-Rios, if a defendant is going to say that I had a constitutional level assurance from a prior opinion construing a statute, if that's their claim, they have to show that they relied on it, and I suppose if your hypothetical driver had relied on either a clear statute, I'm sure there's a statute that says if you speed, you're subject to a $200 fine, there's no prior ... Well, now, my point is more the vast difference. I guess what I'm just asking is, does it matter if ... What if the years were 10 years versus 12 years, and they had relied on the 10 years, but then it turned out to be 12 years? Would that be a due process violation? I mean, that's what I'm asking is, is there any range that we're talking about? Because it seems to me most people don't want to go to prison for 10 years or 15 years versus ... Not that anybody wants a fine, but I would say there are more people who speed than people who rob banks, at least I hope so, if we're talking about numbers of crimes. None of them are crimes we want to see, but you see what I'm saying. I just think ... I do. I'm just wondering, because that doesn't seem to be addressed in this discussion, and maybe that it doesn't matter if it's 10 versus 12 years still could be a due process violation. That's what I'm asking. Certainly. I understand now, and I think I would answer it this way. First of all, it is an address in the brief, and so what I would say, what comes to mind is that United States versus Batchelder, I believe the Supreme Court decision, maybe in the 50s, in which they extended vagueness doctrine to sentences as well, and vagueness doctrine being of course a subset of due process. There, I don't know, and I'm hesitant to say it doesn't matter whether it's 10 or 12, because the defendant absolutely has the right to fair notice of the sentence as well as fair notice of the prohibited conduct. I am disinclined to say to Your Honor that it simply doesn't matter whether it's 12 or 10 or 15 or 12. What about if there's an equivalent state statute for even more years? Does that matter? I do think that it matters. For a robbery, here the conduct was unlawfully possessing a firearm, and I do think that given the Texas recidivist, I think it's Penal Code Section 1242, that given the Texas recidivist statutes that unlawfully possessing a firearm, which was subject under Texas law to a much higher felony, one which carried life in prison as well, if state authorities had prosecuted him and sought the recidivist enhancement. So I would make that observation to answer Your Honor's question. Now there are three things that I think independently here show there was no due process violation. First, Lerma. His entire argument in due process is that he had a constitutional assurance that the Vargas-Duran, Villegas-Hernandez, that line of cases distinguishing between causing injury and using force, that he had a constitutional assurance that that would always be the case. And Lerma certainly conclusively proves that's not the case, because Lerma found that this precise offense was an act of qualifier without ever touching Vargas-Duran or Villegas-Hernandez or overruling that. So that's one. Independently. Two, Castleman, 2014, the United States Supreme Court, Justice Scalia says in a concurrence, look, my paraphrasing of course, there really is no difference between using force and causing bodily injury, at least in the Johnson, Curtis Johnson, ACCA way. The majority says, page 170, that may be the case. It may be right, it may be wrong. We don't have to decide that today. But at least from that point, 2014, a defendant would be hard pressed to say, wait a second, I had a constitutional assurance that there was a difference between using force and causing bodily injury, at least intentionally and knowingly, and that of course is what Mr. Wheeler's offenses were. So I find it odd that someone would say, I had an assurance that this would always be true when the Supreme Court had already said, look, we're not saying whether it's true or not. And at least one justice had said it's not true. That's independent reason number two. Independent reason number three, I referred to earlier, this court has said, if a defendant is saying that I had an assurance by prior cases that this would be the law, then they have to show that they relied on it. There was no reliance. Mr. Wheeler, Judge Lynn certainly talked about how that was a theoretical construct to think that he was going to go to the library, research the law, that he would look up Vargas Duran and Villegas Hernandez and rely on that. So you're saying the most important thing is proving the reliance? That is an important thing. I don't know that it's the most important thing. I think there are three independent reasons why his due process claim fails, but that certainly is a very key and independent reason. Unless the court has any additional questions. Thank you, Mr. McKay. Thank you. Mr. Wright. Thank you, Your Honor. I may not have been clear about this before. The Burr's 2019 decision, which intervened this court's remand and the resentencing decision, says that the divisibility of simple robbery between fear robbery and injury robbery is an open question in this circuit. Lerma itself does not address that question. Lerma is dealing with the divisibility of the aggravating factors. In this instance, it's a slightly different take on divisibility that, if anything, the government or the pre-sentence report addendum cited. It was an open question between fear and injury robbery. I don't think that the district court decided this case on the grounds that were later confirmed in Garrett. Again, we contend that those are wrong, but I wanted to be clear about that. Just very briefly, Judge Haynes, your question on the due process and the difference between one maximum and one minimum. We know the due process notice concerns apply to the Armed Career Criminal Act because the Supreme Court said so in Johnson v. United States. It's the same due process is what's governing it, so a minimum of probation versus a minimum of 15. Former maximum. Kevin, I just was wondering, is there a range? I certainly understand. That's why I used the most extreme example of the fine for speeding versus life in prison. I understand, but to me, that bachelorette decision was not clear on, did it have to be exact, and what about if there is a state law that would award higher sentences? Does that fit in the cubby? I'm just not clear on that from these decisions. You have a view on it. I think it would be difficult to sort through those questions in the abstract. This is why I'm happy to rely on Johnson to say that at least this particular sentencing enhancement is one that due process notice concerns apply to. Again, I believe that the district court could have said to the government, okay, the Fifth Circuit hasn't decided waiver. Take your example, Judge Haynes. If the opinion merely said, we previously decided that you waived it, but I know that you did because I have read every time you said, don't decide this case on the basis of divisibility. We don't want you to do that. We want the whole thing because at this time, this is what the parties were fighting about. There were several cases that brought this up. I believe that the district court had the authority to hold the government to that concession, and I believe that the court would have absent birth and the overruled part of Reyes-Contreras. I think that at a minimum, we should give the district court a chance to decide what to do with this sentence now that the basis of the court's decision, either the primary basis or the only basis, depending on who you take on that, that that has been vacated and overruled. Now the district court has other questions it would need to reach. The divisibility precedent has changed. It's been updated. The district court could say, you're only here because you told me not to decide that, to decide it in this broader way, and that's how it gets caught up in, you know, this pinballing around subsequently. I'm going to hold you to that. Alternatively, the district court could say, I'm convinced now. You know, even if you did waive it, I'm going to excuse you from that waiver. The point is none of that happened on this record because Burris was there. Burris 2019 essentially eliminated that entire line of inquiry. My friend says that we would have challenged the district court's reliance on LRMA as outside the mandate of the opinion, and we didn't. That's because the district court didn't rely on LRMA. Yes, a probation officer did cite that as a decision, but that is not what we were saying essentially that the merits are currently foreclosed against us. We preserve it for further review. We were talking about Burris at that time because Burris was the operative decision. It was on the critical path to deciding the case. You never get to divisibility unless you move Burris out of the way, and so I would submit that's not the basis of the district court's opinion, and we don't know that that's what the court would have done absent Burris. The court said it didn't want to do that. The district court had the authority at that time to hold the government to its waiver, and alternatively, the district court could conclude, as I hope this court will, that Justin Eugene Taylor overrules the part of Garrett that says causing fear is a threatened use of physical force. We now have new Supreme Court guidance that says the force clause, the threat prong requires a communicated intent, and we have cited cases. Texas does not require a communicated intent. Thank you, Your Honors. Yes, thank you, Mr. Wright. Your case is under submission.